A. M., intestate was proceeding westerly along a highway which ran parallel with the Rutland railroad, and about sixty-six feet southerly therefrom, for a distance of upwards of a quarter of a mile. He was riding on the seat of an open milk wagon drawn by a horse which he was driving. Forty-four and one-half feet southerly from the crossing upon which the accident occurred, the road upon which he was traveling runs into another road running from the south to the north and over the crossing. At this corner he turned to the right and proceeded toward the crossing, where the wagon was struck by one of defendant's trains and intestate was killed. The complaint was dismissed on the ground that plaintiff was guilty of contributory negligence as matter of law.

*John E. Judge* for appellant.

*John M. Cantwell* and *E. W. Lawrence* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

FRANK McWILLIAMS, INC., Appellant, *v.* ÆTNA INSURANCE COMPANY, Respondent.

*Insurance — marine — when policy insuring against perils of the seas and other waters does not cover damage to dry dock from sinking caused by failure of electric current used to operate its pumps.*

McWilliams v. Ætna Ins. Co., 202 App. Div. 845, affirmed.

(Argued April 27, 1923; decided May 11, 1923.)

APPEAL from a judgment, entered January 17, 1923, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived, and directing a dismissal of the complaint. The action was to recover upon a policy of marine insurance covering plaintiff's dry dock and which insured it against " perils of the harbors, bays, sounds, seas, rivers and other waters," excepting claims arising from " derangement or breakage of machinery, unless caused by stress of

weather, stranding, collision or burning." While the policy was in force the dry dock sunk owing to a failure of electric power used to operate its pumps caused by an accident at the power plant on land a mile away, and the question litigated was whether the damage occasioned by such sinking was covered by the policy. The Appellate Division held that " the policy issued by defendant to plaintiff did not insure plaintiff against damage due to such sinking."

*Pierre M. Brown* for appellant.

*George S. Brengle* and *D. Roger Englar* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

FRANK McWILLIAMS, INC., Appellant, *v.* AMERICAN INSURANCE COMPANY, Respondent.

*Insurance — marine — when policy insuring against perils of the sea and other waters does not cover damage to dry dock from sinking caused by failure of electric current used to operate its pumps.*

*McWilliams* v. *American Ins. Co.*, 202 App. Div. 846, affirmed.

(Argued April 27, 1923; decided May 11, 1923.)

APPEAL from a judgment, entered December 6, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived, and directing a dismissal of the complaint. The action was to recover upon a policy of marine insurance covering plaintiff's dry dock and insuring it against " perils of the harbors, bays, sounds, seas, rivers and other waters," excepting claims arising from " derangement or breakage of machinery, unless caused by stress of weather, stranding, collision or burning." While the policy was in force the dry dock sunk owing to a failure of electric power used to operate its pumps caused by an accident at the power plant on land a mile away, and the question at issue was whether the damage occasioned by such sinking